UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHAKEITA MCMEANS,
on behalf of Adrian Liddell,
deceased,

                         Plaintiff,

v.

                                        Case No. 3:22-cv-436-MMH-JBT

SUWANNEE CORRECTIONAL
INSTITUTION,

                         Defendant.

_____

## ORDER

Plaintiff Chakeita McMeans, on behalf of her deceased husband Adrian Liddell, initiated this action on March 25, 2022, by filing a pro se Civil Complaint (Doc. 1) and an application to proceed in forma pauperis (IFP application; Doc. 2) in the United States District Court for the Northern District of Florida. The Northern District transferred the case to this Court on April 15, 2022. Order (Doc. 6). This Court directed McMeans either to file an amended complaint or to file a motion for voluntary dismissal of the case. Order (Doc. 9). She filed a Non-Prisoner Complaint for Violation of Civil Rights (AC; Doc. 10) on June 29, 2022. In the AC, McMeans names Suwannee

Correctional Institution (SCI) as the Defendant. She asserts that SCI was negligent when it failed to allow Liddell to use a continuous positive airway pressure (CPAP) device. As relief, she states that she "want[s] to be paid for medical negligence and pain and suffering[.]" AC at 5.

The Court is required to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[1] See 28 U.S.C. §§ 1915(e)(2)(B). "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal,

---

[1] For purposes of the Court's required screening, the Court will assume McMeans intends to proceed as a pauper.

2

251 F.3d at 1349 (quoting <u>Neitzke</u>, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. <u>Id.</u> As to whether a complaint "fails to state a claim on which relief may be granted," the language of the Prison Litigation Reform Act mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997); <u>see also</u> <u>Alba v. Montford</u>, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived her of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. <u>Salvato v. Miley</u>, 790 F.3d 1286, 1295 (11th Cir. 2015); <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); <u>Richardson v. Johnson</u>, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

3

deprivation." <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); <u>Porter v. White</u>, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. <u>See</u> <u>Randall v. Scott</u>, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. <u>Jackson v. BellSouth Telecomm.</u>, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (per curiam) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u>

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the AC, the Court must read McMeans' pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham, 654 F.3d at 1175. And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014)

(quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

McMeans' AC is due to be dismissed pursuant to this Court's screening obligation.[3] Taking McMeans' assertions in the AC as true, as the Court must, McMeans lacks standing to pursue claims on behalf of her husband Liddell. The issue of standing is a threshold jurisdictional question. See Ga. Ass'n of Latino Elected Officials, Inc. v. Gwinnett Cnty. Bd. of Registration and Elections, 36 F.4th 1100 (11th Cir. 2022). The Eleventh Circuit has instructed:

> Florida law provides that a wrongful-death "action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death." Fla. Stat. § 768.20. The Florida Supreme Court has said that -- under Florida's Wrongful Death Act -- "the personal representative is the only party with standing to bring a wrongful death action to recover damages for the benefit of the decedent's survivors and the estate." See Wagner, Vaughan, McLaughlin & Brennan, P.A. v. Kennedy Law Grp., 64 So. 3d 1187, 1191 (Fla. 2011).

---

[3] The AC supersedes the filing of the initial complaint and becomes the operative pleading. TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co., 959 F.3d 1318, 1327 (11th Cir. 2020).

<u>Moss v. Leesburg Reg'l Med. Ctr.</u>, No. 20-11376, 2021 WL 5175549, at *2 (11th Cir. Nov. 8, 2021) (per curiam).[4]

As previously stated, the Court directed McMeans to amend her initial complaint to address the standing issue. Order (Doc. 9). In doing so, the Court advised McMeans that she may lack standing to pursue claims on behalf of her husband. <u>See</u> <u>id.</u> at 8. The Court stated that McMeans must state whether or not she is the personal representative of Liddell's estate and must provide the status of the state-court probate proceeding. <u>See</u> <u>id.</u> In the AC, McMeans neither stated that she is the personal representative of Liddell's estate, nor provided the status of any state-court probate proceeding, nor asked the Court for additional time to satisfy the standing requirement. Despite being directed to address the matter, McMeans fails to allege that she has been appointed as the personal representative of her husband's estate. <u>See</u> AC. Instead, she brought this civil action in her capacity as her husband's next of kin, and seemingly wants to continue to pursue § 1983 claims on his behalf in her next-of-kin capacity with no regard for the standing requirement. As such, given her assertions (or lack thereof) in the AC, McMeans lacks standing to bring § 1983

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. <u>See</u> <u>McNamara v. GEICO</u>, 30 F.4th 1055, 1060-61 (11th Cir. 2022); <u>see generally</u> Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

claims to recover damages for the alleged constitutional violations suffered by her husband. Accordingly, the AC is due to be dismissed.[5]

In light of the foregoing, it is now

**ORDERED AND ADJUDGED**:

1.    McMeans' Amended Complaint (Doc. 10) is **DISMISSED WITHOUT PREJUDICE** for lack of standing.[6]

2.    The Clerk shall enter judgment dismissing the Amended Complaint without prejudice, terminating any pending motions, and closing the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of July, 2022.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-1 6/30
c:
Chakeita McMeans

---

[5] Because the matter of standing is dispositive of this case, the Court need not address whether McMeans' assertions state a plausible Eighth Amendment claim against Defendant SCI.

[6] In deciding whether to refile her claims, McMeans should consider the running of the applicable statute of limitations. See City of Hialeah, Fla. v. Rojas, 311 F.3d 1096, 1103 n.2 (explaining the statute of limitations for a 42 U.S.C. § 1983 action is borrowed from the forum state's personal injury statute of limitations, which in Florida is four years); see Fla. Stat. § 95.11(4) (providing a two-year statute of limitations for wrongful death claims).

8